IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENZYME CORP. and THE REGENTS OF THE UNIVERSITY OF MICHIGAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Genzyme Corp. ("Genzyme") and The Regents of the University of Michigan ("U of M") (collectively, "Plaintiffs"), by way of their Complaint against Defendant Teva Pharmaceuticals USA, Inc. ("Teva" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.       This is a civil action for infringement of U.S. Patent No. 6,916,802 (the "'802 patent"), U.S. Patent No. 7,196,205 (the "'205 patent"), U.S. Patent No. 7,253,185 (the "'185 patent"), and U.S. Patent No. 7,615,573 (the "'573 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including § 271, and for a declaratory judgment of infringement of the '802, '205, '185, and '573 patents under 28 U.S.C. §§ 2201 and 2202.  This action arises out of Teva's submission of Abbreviated New Drug Application ("ANDA") No. 212474 seeking approval to manufacture, use and/or sell a generic version of the pharmaceutical product CERDELGA® (eliglustat) tablets (84 mg) ("Teva's ANDA product") prior to the expiration of the '802, '205, '185, and '573 patents.  Plaintiffs seek injunctive relief against infringement, attorneys' fees, and any other relief the Court deems just and proper.

## PARTIES

2.      Plaintiff Genzyme is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 50 Binney Street, Cambridge, Massachusetts 02142.  Genzyme is engaged in the business of research, development, manufacture, and sale of pharmaceutical products.

3.      The Regents of the University of Michigan is a constitutional corporation of the State of Michigan, having a principal place of business at 1600 Huron Parkway, 2nd Floor, Ann Arbor, MI 48109.

4.      Upon information and belief, Defendant Teva is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1090 Horsham Road, North Wales, PA 19454.

5.      Upon information and belief, Teva caused ANDA No. 212474 to be submitted to the United States Food and Drug Administration ("FDA") and seeks FDA approval of ANDA No. 212474.

6.      Upon information and belief, Teva regularly transacts business throughout the United States and within Delaware, including but not limited to marketing, distribution, sales, and/or offers to sell generic drugs.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has jurisdiction over Teva because, *inter alia*, upon information and belief, Teva is a Delaware corporation, is registered with the Delaware

Department of State, Division of Corporations to do business in Delaware under file number 2053734, and has a registered agent for service of process in this judicial district (Corporate Creations Network Inc.).  Upon information and belief, Teva directly or indirectly manufactures, imports, markets, and sells generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Teva's ANDA product.  Upon information and belief, Teva will market, distribute, and/or sell Teva's ANDA product in the United States, including in Delaware, upon approval of ANDA No. 212474, and will derive substantial revenue from the use or consumption of Teva's ANDA product in the State of Delaware.

9.      This Court also has jurisdiction over Teva because, *inter alia*, upon information and belief, Teva has previously been sued in this district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertions of counterclaims in suits brought in Delaware.  *See, e.g.*, *Forest Labs. Holdings, Ltd. Allergan USA, Inc., and Ironwood Pharms., Inc. v. Teva Pharms. USA, Inc.*, Civil Action No. 18-00198-RGA (D. Del.); *Pharmacyclics LLC and Janssen Biotech, Inc. v. Zydus Worldwide DMCC, Cadila Healthcare Ltd., Teva Pharms. USA, Inc., Teva Pharm. Industries Ltd., Sandoz Inc., and Lek Pharms. D.D.*, Civil Action No. 18-00275-GMS (D. Del.); *Collegium Pharm., Inc. v. Teva Pharms. USA, Inc.*, Civil Action No. 18-300-LPS-CJB (D. Del.); *Vifor Fresenius Med. Care Renal Pharma Ltd. and Vifor Fresenius Med. Care Renal Pharma France S.A.S. v. Lupin Atlantis Holdings SA, Lupin Pharms., Inc., and Teva Pharms. USA, Inc.*, Civil Action No. 18-390-LPS (D. Del.); *Insys Therapeutics, Inc. and Insys Dev. Co., Inc. v. Teva Pharms. USA, Inc. and Teva Pharm. Indus. Ltd.*, Civil Action No. 18-414-LPS (D. Del.); *Egalet US, Inc. and Egalet Ltd. v. Teva Pharms. USA, Inc.*, Civil Action No. 18-505 (D. Del.); *Cosmo Techs. Ltd. v. Actavis*

*Labs. FL, Inc., Teva Pharms. USA, Inc., and Teva Pharm. Indus. Ltd.*, Civil Action No. 18-1006-LPS (D. Del.).

10.     Venue is proper in this district for Teva under 28 U.S.C. § 1400(b) because, *inter alia*, Teva is a corporation organized and existing under the laws of the State of Delaware.

## CERDELGA®

11.     Genzyme is the holder of an approved New Drug Application ("NDA") No. 205494 for CERDELGA®, which the FDA approved on August 19, 2014.

12.     CERDELGA® is a medication marketed and sold by Genzyme as 84 mg capsules for oral use.  Genzyme received FDA approval to market CERDELGA® (eliglustat) for the long-term treatment of adult patients with Gaucher disease type 1 who are CYP2D6 extensive metabolizers (EMs), intermediate metabolizers (IMs), or poor metabolizers (PMs) as detected by an FDA-cleared test.

13.     Eliglustat is the active ingredient in CERDELGA®.  Eliglustat is a novel small molecule inhibitor of glucosylceramide synthase.

14.     CERDELGA® capsules contain eliglustat as a hemitartrate salt (eliglustat tartrate), which can be referred to by the chemical name N-((1*R*,2*R*)-1-(2,3-dihydrobenzo[b][1,4]dioxin-6-yl)-1-hydroxy-3-(pyrrolidin-1-yl)propan-2-yl)octanamide (2*R*,3*R*)-2,3-dihydroxysuccinate, and has the following chemical structure:

15.     CERDELGA® was granted Orphan Drug Exclusivity for long-term treatment of adult patients with Gaucher disease type 1 who are CYP2D6 extensive metabolizers (EMs), intermediate metabolizers (IMs), or poor metabolizers (PMs) as detected by an FDA-cleared test.

## THE PATENTS-IN-SUIT

16.     On July 12, 2005, the '802 patent, titled "Amino Ceramide-Like Compounds and Therapeutic Methods of Use," was issued by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '802 patent is attached as Exhibit A.

17.     On March 27, 2007, the '205 patent, titled "Synthesis of UDP-Glucose: *N*-Acylsphingosine Glucosyltransferase Inhibitors," was issued by the PTO.  A true and correct copy of the '205 patent is attached as Exhibit B.

18.     On August 7, 2007, the '185 patent, titled "Amino Ceramide-Like Compounds and Therapeutic Methods of Use," was issued by the PTO.  A true and correct copy of the '185 patent is attached as Exhibit C.

19.     On November 10, 2009, the '573 patent, titled "Synthesis of UDP-Glucose: N-Acylsphingosine Glucosyltransferase Inhibitors," was issued by the PTO.  A true and correct copy of the '573 patent is attached as Exhibit D.

20.     Eliglustat and methods of treating Gaucher disease with eliglustat are covered by one or more of the claims of the '802, '205, '185, and '573 patents, which are all listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for NDA No. 205494.

21.     The '802, '205, '185, and '573 patents are owned by Genzyme and U of M.

## TEVA'S ANDA NO. 212474

22.     Plaintiffs received a letter dated October 9, 2018 from Teva notifying Plaintiffs that Teva had submitted ANDA No. 212474 to the FDA under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") seeking approval to commercially manufacture, use, sell, and/or import Teva's ANDA product prior to the expiration of the '802, '205, '185, and '573 patents.

23.     Upon information and belief, Teva's ANDA seeks FDA approval of Teva's ANDA Product for long-term treatment of adult patients with Gaucher disease type 1 who are CYP2D6 extensive metabolizers (EMs), intermediate metabolizers (IMs), or poor metabolizers (PMs) as detected by an FDA-cleared test.

24.     According to applicable regulations, the purpose of Teva's October 9, 2018 letter was to notify Plaintiffs that ANDA No. 212474 included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") alleging that the claims of the '802, '205, '185, and '573 patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA product.

25.     Included in the October 9, 2018 letter was a "Detailed Statement" of the factual and legal bases for Teva's Paragraph IV Certification, alleging that the claims of the '802, '205, '185, and '573 patents were either invalid as obvious under 35 U.S.C. § 103 or would not be infringed by Teva's ANDA product.

26.     Upon information and belief, Teva was aware of the '802, '205, '185, and '573 patents when Teva notified Plaintiffs of its Paragraph IV Certification regarding the '802, '205, '185, and '573 patents.

27.     Plaintiffs commenced this action within 45 days of receipt of Teva's October 9, 2018 letter.

## COUNT I
## INFRINGEMENT OF THE '802 PATENT

28.     Plaintiffs incorporate and reallege paragraphs 1-27 above, as if set forth specifically here.

29.     Upon information and belief, Teva submitted ANDA No. 212474 to the FDA under the provisions of 21 U.S.C. § 355(j).

30.     Upon information and belief, Teva's ANDA No. 212474 seeks FDA approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product (generic eliglustat in 84 mg tablets for oral use) before the expiration of the '802 patent.

31.     Plaintiffs received a letter from Teva dated October 9, 2018, purporting to be a Notice of Certification for ANDA No. 212474 under Section 505(j)(2)(B) of the FDCA, 21 U.S.C. § 355(j)(2)(B), and 21 C.F.R. § 314.95.

32.      Teva's October 9, 2018 letter states that the active ingredient in Teva's ANDA product for which it seeks approval is eliglustat.  Upon information and belief, Teva's ANDA seeks FDA approval of Teva's ANDA Product for the long-term treatment of adult patients with Gaucher disease type 1 who are CYP2D6 extensive metabolizers (EMs), intermediate metabolizers (IMs), or poor metabolizers (PMs) as detected by an FDA-cleared test.

33.     Upon information and belief, Teva's ANDA Product, if approved and marketed, will be accompanied by a product label that will induce physicians to treat a patient having a glycosphingolipidosis disorder, including Gaucher disease, comprising the step of administering to the patient a therapeutically effective amount of a composition comprising

eliglustat, and thereby induce infringement of the methods of at least claims 6, 7, 13, and 14 of the '802 patent under 35 U.S.C. § 271(b). Plaintiffs are unaware of any substantial non-infringing uses of Teva's ANDA Product aside from treating a patient having a glycosphingolipidosis disorder, including Gaucher disease, comprising the step of administering to the patient a therapeutically effective amount of a composition comprising eliglustat, and therefore the marketing of Teva's ANDA Product will contribute to infringement of at least claims 6, 7, 13, and 14 of the '802 patent under 35 U.S.C. § 271(c).

34.     Upon information and belief, Teva made and included in its ANDA a Paragraph IV Certification stating that, in Teva's opinion, the '802 patent is invalid, unenforceable and/or not infringed.

35.     Teva's submission of ANDA No. 212474 to obtain approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product prior to the expiration of the '802 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

36.     Teva's commercial manufacture, use, sale, and/or importation of Teva's ANDA product would infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 8 and 9 of the '802 patent, and the sale of such a product will induce and/or contribute to the infringement of at least claims 6, 7, 13, and 14 of the '802. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 212474, Teva will make, use, offer to sell, or sell Teva's ANDA product within the United States, or will import Teva's ANDA product into the United States, and will thereby infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent.

37.     Teva had actual knowledge of the '802 patent prior to submission of ANDA No. 212474, and was aware that the filing of ANDA No. 212474 with the request for

FDA approval prior to the expiration of the '802 patent would constitute an act of infringement of the '802 patent.  Teva had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Teva's ANDA product will not infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent.

38.     Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent.

39.     On information and belief, Teva's statement of the factual and legal bases for its opinions regarding invalidity of the '802 patent lacks an objective good faith basis.

40.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

41.     Plaintiffs will be irreparably harmed if Teva is not enjoined from infringing the '802 patent.  Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Teva, injunctive relief is warranted.  Further, the public interest favors entry of an injunction.

## COUNT II
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '802 PATENT

42.     Plaintiffs incorporate and reallege paragraphs 1-41 above, as if set forth specifically here.

43.     Upon information and belief, if ANDA No. 212474 is approved, Teva's ANDA product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Teva and its affiliates.  Teva will therefore infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent under 35 U.S.C. § 271.

44.     Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent.

45.     Upon information and belief, Teva's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Teva's ANDA product complained of herein will begin immediately after the FDA approves ANDA No. 212474.  Any such conduct before the '802 patent expires will infringe at least claims 1, 2, 6-9, 13, and 14 of the '802 patent under 35 U.S.C. § 271(a)-(c).

46.     There is a real, substantial, and continuing justiciable controversy between Plaintiffs and Teva concerning liability for the infringement of the '802 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

47.     Plaintiffs will be substantially and irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

48.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '205 PATENT

49.     Plaintiffs incorporate and reallege paragraphs 1-48 above, as if set forth specifically here.

50.     Upon information and belief, Teva submitted ANDA No. 212474 to the FDA under the provisions of 21 U.S.C. § 355(j).

51.     Upon information and belief, Teva's ANDA No. 212474 seeks FDA approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's

ANDA product (generic eliglustat in 84 mg tablets for oral use) before the expiration of the '205 patent.

52.   Plaintiffs received a letter from Teva dated October 9, 2018, purporting to be a Notice of Certification for ANDA No. 212474 under Section 505(j)(2)(B) of the FDCA, 21 U.S.C. § 355(j)(2)(B), and 21 C.F.R. § 314.95.

53.   Teva's October 9, 2018 letter states that the active ingredient in Teva's ANDA product for which it seeks approval is eliglustat.

54.   Upon information and belief, Teva made and included in its ANDA a Paragraph IV Certification stating that, in Teva's opinion, the '205 patent is invalid, unenforceable and/or not infringed.

55.   Teva's submission of ANDA No. 212474 to obtain approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product prior to the expiration of the '205 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

56.   Teva's commercial manufacture, use, sale, and/or importation of Teva's ANDA product would infringe, either literally or under the doctrine of equivalents, at least claims 1 and 3-9 of the '205 patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 212474, Teva will make, use, offer to sell, or sell Teva's ANDA product within the United States, or will import Teva's ANDA product into the United States, and will thereby infringe at least claims 1 and 3-9 of the '205 patent.

57.   Teva had actual knowledge of the '205 patent prior to submission of ANDA No. 212474, and was aware that the filing of ANDA No. 212474 with the request for FDA approval prior to the expiration of the '205 patent would constitute an act of infringement of the '205 patent.  Teva had no reasonable basis for asserting that the commercial manufacture,

use, offer for sale, or sale of Teva's ANDA product will not infringe at least claims 1 and 3-9 of the '205 patent.

58.    Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1 and 3-9 of the '205 patent.

59.    On information and belief, Teva's statement of the factual and legal bases for its opinions regarding invalidity of the '205 patent lacks an objective good faith basis.

60.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

61.    Plaintiffs will be irreparably harmed if Teva is not enjoined from infringing the '205 patent.  Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Teva, injunctive relief is warranted.  Further, the public interest favors entry of an injunction.

## COUNT IV
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '205 PATENT

62.    Plaintiffs incorporate and reallege paragraphs 1-61 above, as if set forth specifically here.

63.    Upon information and belief, if ANDA No. 212474 is approved, Teva's ANDA product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Teva and its affiliates.  Teva will therefore infringe at least claims 1 and 3-9 of the '205 patent under 35 U.S.C. § 271.

64.    Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1 and 3-9 of the '205 patent.

65.     Upon information and belief, Teva's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Teva's ANDA product complained of herein will begin immediately after the FDA approves ANDA No. 212474.  Any such conduct before the '205 patent expires will infringe at least claims 1 and 3-9 of the '205 patent under 35 U.S.C. § 271.

66.     There is a real, substantial, and continuing justiciable controversy between Plaintiffs and Teva concerning liability for the infringement of the '205 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

67.     Plaintiffs will be substantially and irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

68.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT V
## INFRINGEMENT OF THE '185 PATENT

69.     Plaintiffs incorporate and reallege paragraphs 1-68 above, as if set forth specifically here.

70.     Upon information and belief, Teva submitted ANDA No. 212474 to the FDA under the provisions of 21 U.S.C. § 355(j).

71.     Upon information and belief, Teva's ANDA No. 212474 seeks FDA approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product (generic eliglustat in 84 mg tablets for oral use) before the expiration of the '185 patent.

72.     Plaintiffs received a letter from Teva dated October 9, 2018, purporting to be a Notice of Certification for ANDA No. 212474 under Section 505(j)(2)(B) of the FDCA, 21 U.S.C. § 355(j)(2)(B), and 21 C.F.R. § 314.95.

73.     Teva's October 9, 2018 letter states that the active ingredient in Teva's ANDA product for which it seeks approval is eliglustat.

74.     Upon information and belief, Teva made and included in its ANDA a Paragraph IV Certification stating that, in Teva's opinion, the '185 patent is invalid, unenforceable and/or not infringed.

75.     Teva's submission of ANDA No. 212474 to obtain approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product prior to the expiration of the '185 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

76.     Teva's commercial manufacture, use, sale, and/or importation of Teva's ANDA product would infringe, either literally or under the doctrine of equivalents, claims 1-4 of the '185 patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 212474, Teva will make, use, offer to sell, or sell Teva's ANDA product within the United States, or will import Teva's ANDA product into the United States, and will thereby infringe claims 1-4 of the '185 patent.

77.     Teva had actual knowledge of the '185 patent prior to submission of ANDA No. 212474, and was aware that the filing of ANDA No. 212474 with the request for FDA approval prior to the expiration of the '185 patent would constitute an act of infringement of the '185 patent.  Teva had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Teva's ANDA product will not infringe claims 1-4 of the '185 patent.

78.   Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe claims 1-4 of the '185 patent.

79.   On information and belief, Teva's statement of the factual and legal bases for its opinions regarding invalidity of the '185 patent lacks an objective good faith basis.

80.   This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

81.   Plaintiffs will be irreparably harmed if Teva is not enjoined from infringing the '185 patent.  Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Teva, injunctive relief is warranted.  Further, the public interest favors entry of an injunction.

## COUNT VI
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '185 PATENT

82.   Plaintiffs incorporate and reallege paragraphs 1-81 above, as if set forth specifically here.

83.   Upon information and belief, if ANDA No. 212474 is approved, Teva's ANDA product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Teva and its affiliates.  Teva will therefore infringe claims 1-4 of the '185 patent under 35 U.S.C. § 271.

84.    Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe claims 1-4 of the '185 patent.

85.   Upon information and belief, Teva's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Teva's ANDA product complained of herein will begin immediately after the FDA approves ANDA No. 212474.  Any

15

such conduct before the '185 patent expires will infringe claims 1-4 of the '185 patent under 35 U.S.C. § 271.

86.     There is a real, substantial, and continuing justiciable controversy between Plaintiffs and Teva concerning liability for the infringement of the '185 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

87.     Plaintiffs will be substantially and irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court.   Plaintiffs have no adequate remedy at law.

88.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VII
## INFRINGEMENT OF THE '573 PATENT

89.     Plaintiffs incorporate and reallege paragraphs 1-88 above, as if set forth specifically here.

90.     Upon information and belief, Teva submitted ANDA No. 212474 to the FDA under the provisions of 21 U.S.C. § 355(j).

91.     Upon information and belief, Teva's ANDA No. 212474 seeks FDA approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product (generic eliglustat in 84 mg tablets for oral use) before the expiration of the '573 patent.

92.     Plaintiffs received a letter from Teva dated October 9, 2018, purporting to be a Notice of Certification for ANDA No. 212474 under Section 505(j)(2)(B) of the FDCA, 21 U.S.C. § 355(j)(2)(B), and 21 C.F.R. § 314.95.

93.     Teva's October 9, 2018 letter states that the active ingredient in Teva's ANDA product for which it seeks approval is eliglustat.  Upon information and belief, Teva's ANDA seeks FDA approval of Teva's ANDA Product for the long-term treatment of adult patients with Gaucher disease type 1 who are CYP2D6 extensive metabolizers (EMs), intermediate metabolizers (IMs), or poor metabolizers (PMs) as detected by an FDA-cleared test.

94.     Upon information and belief, Teva's ANDA Product, if approved and marketed, will be accompanied by a product label that will induce physicians to inhibit glucosylceramide synthase or lower glycosphingolipid concentrations in a subject in need thereof, or treat Gaucher disease, comprising administering to the subject an effective amount of eliglustat, and thereby induce infringement of the methods of at least claims 1-5 and 21-25 of the '573 patent under 35 U.S.C. § 271(b).  Plaintiffs are unaware of any substantial non-infringing uses of Teva's ANDA Product aside from inhibiting glucosylceramide synthase or lowering glycosphingolipid concentrations in a subject in need thereof, or treating Gaucher disease, comprising administering to the subject an effective amount of eliglustat, and therefore the marketing of Teva's ANDA Product will contribute to infringement of at least claims 1-5 and 21-25 of the '573 patent under 35 U.S.C. § 271(c).

95.     Upon information and belief, Teva made and included in its ANDA a Paragraph IV Certification stating that, in Teva's opinion, the '573 patent is invalid, unenforceable and/or not infringed.

96.     Teva's submission of ANDA No. 212474 to obtain approval to engage in the commercial manufacture, use, sale, and/or importation of Teva's ANDA product prior to the expiration of the '573 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

97.     Teva's commercial offer for sale or sale of Teva's ANDA product would induce and/or contribute to infringement of at least claims 1-5 and 21-25 of the '573 patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 212474, Teva will offer to sell or sell Teva's ANDA product within the United States and will thereby infringe at least claims 1-5 and 21-25 of the '573 patent.

98.     Teva had actual knowledge of the '573 patent prior to submission of ANDA No. 212474, and was aware that the filing of ANDA No. 212474 with the request for FDA approval prior to the expiration of the '573 patent would constitute an act of infringement of the '573 patent. Teva had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of Teva's ANDA product will not infringe at least claims 1-5 and 21-25 of the '573 patent.

99.     Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1-5 and 21-25 of the '573 patent.

100.     On information and belief, Teva's statement of the factual and legal bases for its opinions regarding invalidity of the '573 patent lacks an objective good faith basis.

101.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

102.     Plaintiffs will be irreparably harmed if Teva is not enjoined from infringing the '573 patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Teva, injunctive relief is warranted. Further, the public interest favors entry of an injunction.

## COUNT VIII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '573 PATENT

103.    Plaintiffs incorporate and reallege paragraphs 1-102 above, as if set forth specifically here.

104.    Upon information and belief, if ANDA No. 212474 is approved, Teva's ANDA product will be offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Teva and its affiliates.  Teva will therefore infringe at least claims 1-5 and 21-25 of the '573 patent under 35 U.S.C. § 271(b)-(c).

105.    Teva's "Detailed Statement" in its October 9, 2018 letter lacks any contention that Teva's ANDA product will not infringe at least claims 1-5 and 21-25 of the '573 patent.

106.    Upon information and belief, Teva's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Teva's ANDA product complained of herein will begin immediately after the FDA approves ANDA No. 212474.  Any such conduct before the '573 patent expires will infringe at least claims 1-5 and 21-25 of the '573 patent under 35 U.S.C. § 271.

107.    There is a real, substantial, and continuing justiciable controversy between Plaintiffs and Teva concerning liability for the infringement of the '573 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

108.    Plaintiffs will be substantially and irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

109.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that the claims of the '802, '205, '185, and '573 patents were infringed by Teva's submission of ANDA No. 212474 under 35 U.S.C. § 271(e)(2)(A), and that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA product prior to the expiration of the '802, '205, '185, and '573 patents will constitute an act of infringement of at least 1, 2, 6-9, 13, and 14 of the '802 patent, claims 1 and 3-9 of the '205 patent, claims 1-4 of the '185 patent, and claims 1-5 and 21-25 of the '573 patent;

B.      A declaratory judgment that under 35 U.S.C. § 271, Teva's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of Teva's ANDA product would constitute infringement of at least 1, 2, 6-9, 13, and 14 of the '802 patent, claims 1 and 3-9 of the '205 patent, claims 1-4 of the '185 patent, and claims 1-5 and 21-25 of the '573 patent;

C.      An order permanently enjoining Teva, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, Teva's ANDA product until after the expiration of the '802, '205, '185, and '573 patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

D.      An order under 35 U.S.C. § 271 (e)(4)(A) that the effective date of any FDA approval of ANDA No. 212474 shall be a date that is not earlier than the expiration date of the '802, '205, '185, and '573 patents, inclusive of any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

E.      A declaration under 28 U.S.C. § 2201 that if Teva, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with it or acting on its behalf, engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 212474, it will constitute an act of infringement of the '802, '205, '185, and '573 patents;

F.      A judgment that the claims of the '802, '205, '185, and '573 patents are valid and enforceable;

G.      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Teva engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA product, or any product that infringes the '802, '205, '185, and '573 patents, prior to the expiration of the '802, '205, '185, and '573 patents, inclusive of any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

H.      A declaration that this is an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and awarding Plaintiffs' costs, expenses, and disbursements in this action, including reasonable attorney fees; and

I.      An award of such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Genzyme Corporation and The*
*Regents of the University of Michigan*

OF COUNSEL:

William E. Solander
Michael E. Furrow
Daniel J. Minion
Damien N. Dombrowski
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

November 14, 2018